# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 15-185V
Filed: November 10, 2016
[Not to be published]

```
* * * * * * * * * * * * *
MARY E FORDE                       *
                                   *           Special Master Gowen
              Petitioner,           *
       v.                          *
                                   *           Tetanus, Diphtheria and
                                   *           Pertussis ("TDaP") Vaccine;
SECRETARY OF HEALTH                *           Stevens Johnson Syndrome
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
* * * * * * * * * * * * *
```

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION[1]

On February 27, 2015, Mary E. Forde ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Ms. Forde alleged that as a result of receiving a tetanus, diphtheria and pertussis vaccine, administered March 1, 2012, she suffered "an allergic or immunologic reaction and Stevens Johnson Syndrome." Petition at Preamble, ¶ 12. Ms. Forde filed her claim and several sets of medical records *pro se*. The undersigned held an initial status conference with Ms. Forde on May 21, 2015, and encouraged her to obtain representation by an attorney with experience in the Vaccine Program. Another status conference with Ms. Forde was held on December 2, 2015, during which the undersigned discussed the paucity of records documenting petitioner's alleged injury of Stevens Johnson Syndrome, and again strongly encouraged her to obtain counsel. See Order, filed Dec. 3, 2015. Ms. Forde did thereafter obtain representation by Simina Vourlis, Esq., who does have experience in the Program. A status conference was held on March 22, 2016, with Ms. Forde, Ms. Vourlis, and Jennifer Reynaud for the respondent. Ms. Vourlis was encouraged to obtain and review the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

additional medical records that Ms. Forde contended would provide proof of Stevens Johnson Syndrome and vaccine causation, and was given an appropriate extension of time to do so.

On October 5, 2016, another status conference was held with Ms. Forde, Ms. Vourlis, and respondent's counsel, during which Ms. Vourlis indicated that she had made a diligent effort to assemble all of Ms. Forde's records and had discussed with Ms. Forde that there was not evidence to substantiate her claims in those records.  Transcript of October 5, 2016, status conference at 2-4.  Ms. Forde indicated that she understood that there was insufficient evidence on which to proceed.  See id. at 8.  She indicated that she wished to dismiss her petition so that she could seek other civil remedies.  Id. at 5, 9.  After this conference, petitioner's counsel moved for a decision dismissing the petition on October 6, 2016, and a Decision dismissing the petition for insufficient proof was issued October 7, 2016.  On October 24, 2016, the court received a letter directly from Ms. Forde.  See Letter from Mary Forde, filed October 24, 2016.  In the letter, Ms. Forde "ask[s] The United States Court of Federal Claims, Office of Special Masters, Special Master Gowen, not to dismiss my Vaccine Case.  My case [has] sufficient proof."  Id. at 2.

The undersigned will treat Ms. Forde's letter as a motion for reconsideration of the October 7, 2016, Decision dismissing her petition.[3]  For the reasons set forth below, Ms. Forde's motion for reconsideration is DENIED.

    **I.**    **Discussion**

During the October 5, 2016, status conference, petitioner's counsel explained that she had reviewed the medical records with Ms. Forde and "indicated to [Ms. Forde] that based on what [counsel] found in the record, [counsel] was not going to be able to prove that the vaccine caused the injury."  Transcript of October 5, 2016, status conference at 3.  Accordingly, counsel had reviewed with Ms. Forde "the various options that she has, including continuing on her own, finding other counsel, requesting a judgment on the record, or dismissing her petition."  Id. at 3-4.  Counsel stated that her recommendation was to Ms. Forde was that she dismiss the petition "so that if there is any other cause of action available . . . she can pursue that."  Id. at 4.

Ms. Forde indicated that she wished to pursue other civil remedies, including taking her case to civil court.  Transcript of October 5, 2016, status conference at 5.  At first, Ms. Forde stated "I'm not going to dismiss my case.  I'm going to take my case to the Supreme Court because the vaccine did make me sick."  Id.  Counsel explained to Ms. Forde that in order to proceed with a cause of action in any other court, the case needed to be dismissed from the Vaccine Program.  Id. at 5-6.  Ms. Forde then affirmed that she was in agreement with dismissing her case from the Program.  Id. at 6.

---

[3] In her letter, Ms. Forde also states that "[a]ttorney Simina Vourlis has dismissed herself [f]rom my case," and that "[a]ttorney Simina Vourlis does not represent me in the Vaccine Case 15-185V."  Letter at 2-3.  From discussion at the October 5, 2016, status conference, it is apparent that Ms. Vourlis told Ms. Forde that she would not be able to prove that the vaccine caused Ms. Forde's injury, and recommended that Ms. Forde dismiss her case.  See Transcript of October 5, 2016, status conference at 3-4.  The undersigned notes that Ms. Vourlis does, however, remain Ms. Forde's counsel of record at this time.

2

The undersigned stated that he had looked at the records and could find nothing significant that substantiated a history of Stevens Johnson syndrome.  Transcript of October 5, 2016, status conference at 4.  Although Ms. Forde had indicated, during a previous status conference, that other records existed that would support her case, counsel was not able to locate any such records.  Id.  The undersigned stated that he could see no way to conclude, based on the filed records, that the vaccine caused Ms. Forde's condition.  Id. at 5.  Ms. Forde indicated that she understood that there was not sufficient evidence in the records to support her claim, and stated that she was in agreement with Ms. Vourlis' recommendation to dismiss because Ms. Vourlis had reviewed the records with her and "the doctors and nurses didn't do the appropriate documentation that I have been sick from that vaccine."  Id. at 8.

In her subsequent letter, petitioner cites a page from a March 3, 2012, record from Dr. Steven Draeger, as proof supporting her claim.  Petitioner's Letter at 2-3 (citing document 1-2, filed Feb. 27, 2015, at 27).  It is not clear exactly what petitioner is referring to on this page, but upon review of the document, the undersigned notes that Ms. Forde presented on March 3, 2012, with "Rash (itching only)," and Dr. Draeger notes on page 27 a "Possible reaction to pertussis."  Document 1-2, filed Feb. 27, 2015, at 23-27.  This document was filed with the petition and was considered by the undersigned when reviewing all of the medical records filed in this case, prior to dismissal.

The undersigned does not find reason to reconsider the October 7, 2016, Decision dismissing Ms. Forde's petition for insufficient proof.  Both the undersigned and competent counsel have reviewed the records filed and have concluded that there is insufficient evidence to support Ms. Forde's claim of vaccine causation of Stevens Johnson Syndrome.  The record that Ms. Forde cites to in her letter simply states that Ms. Forde's itching was a possible reaction to pertussis.  Ms. Forde has not presented any new or additional evidence not already considered by the undersigned prior to the October 7, 2016, Decision dismissing the petition.  Although Ms. Forde has clearly stated that she wishes to pursue her case further in civil court, it was made clear to her during the status conference that doing so required dismissal from the Program first.  Indeed, during the status conference, Ms. Forde explicitly stated that she agreed that dismissal of her case was appropriate.  To the extent that petitioner's letter expresses her wish to pursue her case in civil court, petitioner may, within 90 days after judgment enters on the dismissal decision, file an election to file a civil action for damages for her alleged injury pursuant to Vaccine Rule 12.

## II. Conclusion

Petitioner's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

/ Thomas L. Gowen
Thomas L. Gowen
Special Master