# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 15-185V
Filed: December 16, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| MARY E. FORDE, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Simina Vourlis, Law Offices of Simina Vourlis, Columbus, OH, for petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 27, 2015, Mary E. Forde ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a tetanus, diphtheria and pertussis vaccine, administered March 1, 2012, she suffered "an allergic or immunologic reaction and Stevens Johnson Syndrome." Petition at Preamble, ¶ 12. Ms. Forde filed her claim and several sets of medical records *pro* se. The undersigned held an initial status conference with Ms. Forde on May 21, 2015, and encouraged her to obtain representation by an attorney with experience in the Vaccine Program. Another status conference with Ms. Forde was held on December 2, 2015, during which the undersigned discussed the paucity of records documenting petitioner's alleged injury of Stevens Johnson Syndrome, and again

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

strongly encouraged her to obtain counsel.  <u>See</u> Order, filed Dec. 3, 2015.  Ms. Forde thereafter obtained representation by Simina Vourlis, Esq., who has experience in the Program.  A status conference was held on March 22, 2016, with Ms. Forde, Ms. Vourlis, and Jennifer Reynaud for respondent.  Ms. Vourlis was encouraged to obtain and review the additional medical records that Ms. Forde contended would provide proof of Stevens Johnson Syndrome and vaccine causation, and was given an appropriate extension of time to do so.

On October 5, 2016, another status conference was held with Ms. Forde, Ms. Vourlis, and respondent's counsel, during which Ms. Vourlis indicated that she had made a diligent effort to assemble all of Ms. Forde's records and had discussed with Ms. Forde that there was not evidence to substantiate her claims in those records.  Transcript of October 5, 2016, status conference at 2-4.  Ms. Forde indicated that she understood there was insufficient evidence on which to proceed, and indicated that she wished to dismiss her petition so that she could seek other civil remedies.  On October 6, 2016, petitioner moved for a decision dismissing her petition.  A Decision dismissing the petition for insufficient proof was issued October 7, 2016.  On October 24, 2016, the court received a letter directly from Ms. Forde, which the undersigned treated as a motion for reconsideration of the October 7, 2016, Decision dismissing her petition.  The undersigned issued an Order denying the motion for reconsideration on November 10, 2016.

On November 15, 2016, petitioner filed an application for attorneys' fees and costs, requesting $11,676.50 in attorneys' fees[3] and $92.54 in attorneys' costs, for a total fees and costs request of $11,769.04.  Petitioner's ("Pet.") Application ("App.") at 1-2.  Petitioner's counsel states that to her knowledge, petitioner has not incurred any fees or costs for the litigation of this case, but that petitioner has refused to sign a General Order #9 statement.  <u>Id.</u> at 2.

Respondent filed a response to petitioners' application on November 30, 2016, stating that "[r]espondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's ("Resp.") Response at 3.  Petitioner did not file a reply.  This matter is now ripe for adjudication.

I. Discussion

   a. **Good Faith and Reasonable Basis**

Section 15(e) of the Vaccine Act governs attorneys' fees.  42 U.S.C. § 300aa-15(e).  When awarding compensation on a petition, the special master "shall also award" reasonable attorney's fees and costs.  <u>Id.</u> at §15(e)(1)(A)-(B).  Even when compensation is not awarded, the special master "may award" reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  <u>Id.</u> at § 15(e)(1).  Respondent states that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and the undersigned finds that this claim was brought in good faith and with a reasonable

---

[3] Petitioner's application states both that the total sum of attorney and paralegal fees is $11,676.50 and $10,461.50.  <u>See</u> Pet. App. at 1-2.  According to the billing record, the correct figure for total attorneys' fees is $11,676.50.  <u>See</u> Pet. App., Ex. 12 at 9.

basis. Resp. Response at 2 (citing 42 U.S.C. § 300aa-15(e)(1)(A)-(B)). Accordingly, petitioner is entitled to an award of attorneys' fees and costs.

### b. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Avera, 515 F.3d at 1347-48 (internal quotations omitted). In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate unless the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. Id. at 1348-49 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### i. Hourly Rates

Petitioner requests $400 per hour for Ms. Vourlis for work performed in 2015 and $415 per hour for work performed in 2016. Pet. App. at 1; Pet. Ex. 12 at 9. Petitioner requests $135 per hour for paralegal time. Pet. App. at 2; Pet. Ex. 12 at 9.

The issue of reasonable 2014-2015 forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323

(Fed. Cl. Spec. Mstr. Sept. 1, 2015). In support of the requested rates, petitioner's counsel cites recent cases awarding forum rates pursuant to McCulloch, and the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015 – 2016 and. Pet. App., Ex. 13 at 4. However, petitioner's counsel does not address the question of whether she is entitled to forum rates and did not submit evidence regarding prevailing rates in Columbus, Ohio, where her office is located.

The undersigned recently determined prevailing rates in the Southern District of Ohio, which encompasses Columbus, in Jones v. Sec'y of Health & Human Servs., No. 13-279V (Fed. Cl. Spec. Mstr. Nov. 18, 2016). In that case, the undersigned found that the local rates in the Southern District of Ohio are well within the forum rate categories that were found reasonable in McCulloch. Jones, No. 13-279V, at *5. Forum rates should be awarded except where local rates are very significantly different than forum rates. Avera, 515 F.3d at 1348; Davis County, 169 F.3d at 758; Garrison v. Sec'y of Health & Human Servs., No. 14-762V, 2016 WL 3022076 (Apr. 29, 2016), aff'd, 2016 WL 4784054 (Fed. Cl. 2016). Accordingly, an attorney practicing in the Southern District of Ohio should be based on forum rates.

Pursuant to McCulloch, the range of $350 to $425 per hour is reasonable for attorneys with more than 20 years of experience. McCulloch, 2015 WL 5634323, at *19. Ms. Vourlis has 26 years of experience and has had several cases in the Program. The undersigned finds the requested rates reasonable.

### ii. Hours Expended

Petitioner requests compensation for 25.40 hours of work performed by Ms. Vourlis at attorney rates and 9 hours of work performed by Ms. Vourlis at paralegal rates. Pet. App., Ex. 12 at 9. On review of the billing record, the undersigned finds the hours expended reasonable.

### c. Costs

Petitioner requests a total of $92.54 in attorneys' costs. Pet. App. at 1-2. The requested costs consist primarily of medical record fees and postage. See Pet. App., Ex. 16. The undersigned finds the requested costs reasonable.

Petitioner's counsel states that petitioner has refused to sign a General Order #9 Statement. Counsel mailed petitioner a General Order #9 form on October 10, 2016, and again on November 10, 2016. Pet. Ex. 17 at 1, 3. The form was accompanied both time by letters explaining the form and asking petitioner to provide receipts if she had incurred any costs in the case. Id. In light of the fact that petitioner has been unresponsive to counsel's efforts to communicate with regarding her costs, the undersigned finds that counsel has complied with the spirit of General Order #9 and that petitioner's interests were protected in this matter.

## II. Conclusion

(Fed. Cl. Spec. Mstr. Sept. 1, 2015). In support of the requested rates, petitioner's counsel cites recent cases awarding forum rates pursuant to McCulloch, and the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015 – 2016 and. Pet. App., Ex. 13 at 4. However, petitioner's counsel does not address the question of whether she is entitled to forum rates and did not submit evidence regarding prevailing rates in Columbus, Ohio, where her office is located.

The undersigned recently determined prevailing rates in the Southern District of Ohio, which encompasses Columbus, in Jones v. Sec'y of Health & Human Servs., No. 13-279V (Fed. Cl. Spec. Mstr. Nov. 18, 2016). In that case, the undersigned found that the local rates in the Southern District of Ohio are well within the forum rate categories that were found reasonable in McCulloch. Jones, No. 13-279V, at *5. Forum rates should be awarded except where local rates are very significantly different than forum rates. Avera, 515 F.3d at 1348; Davis County, 169 F.3d at 758; Garrison v. Sec'y of Health & Human Servs., No. 14-762V, 2016 WL 3022076 (Apr. 29, 2016), aff'd, 2016 WL 4784054 (Fed. Cl. 2016). Accordingly, an attorney practicing in the Southern District of Ohio should be based on forum rates.

Pursuant to McCulloch, the range of $350 to $425 per hour is reasonable for attorneys with more than 20 years of experience. McCulloch, 2015 WL 5634323, at *19. Ms. Vourlis has 26 years of experience and has had several cases in the Program. The undersigned finds the requested rates reasonable.

### ii. Hours Expended

Petitioner requests compensation for 25.40 hours of work performed by Ms. Vourlis at attorney rates and 9 hours of work performed by Ms. Vourlis at paralegal rates. Pet. App., Ex. 12 at 9. On review of the billing record, the undersigned finds the hours expended reasonable.

### c. Costs

Petitioner requests a total of $92.54 in attorneys' costs. Pet. App. at 1-2. The requested costs consist primarily of medical record fees and postage. See Pet. App., Ex. 16. The undersigned finds the requested costs reasonable.

Petitioner's counsel states that petitioner has refused to sign a General Order #9 Statement. Counsel mailed petitioner a General Order #9 form on October 10, 2016, and again on November 10, 2016. Pet. Ex. 17 at 1, 3. The form was accompanied both time by letters explaining the form and asking petitioner to provide receipts if she had incurred any costs in the case. Id. In light of the fact that petitioner has been unresponsive to counsel's efforts to communicate with regarding her costs, the undersigned finds that counsel has complied with the spirit of General Order #9 and that petitioner's interests were protected in this matter.

## II. Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total of $11,769.04 reasonable.

The undersigned awards attorneys' fees and costs as follows:

**(1) A lump sum of $11,769.04 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Simina Vourlis, Law Offices of Simina Vourlis, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.